**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CATHIE SIMMONS                                                                                              PLAINTIFF

v.                                               No. 4:11CV00617 JLH

DEPARTMENT OF VETERANS AFFAIRS                                                       DEFENDANT

**OPINION AND ORDER**

On August 8, 2011, Cathie Simmons commenced this action against the Department of Veterans Affairs for violations of Title VII of the Civil Rights Act and the Rehabilitation Act of 1974. Specifically, Simmons alleges that she was discriminated against on the basis of her race and disability, was subjected to a hostile work environment, and was retaliated against for participating in protected activities before the Equal Employment Opportunity Commission. Document #1. Thereafter, Simmons completed service of her complaint and summons on the Department's Office of Inspector General in Washington, D.C., and Office of Regional Counsel in North Little Rock, Arkansas. Documents #2, #3, #4.

However, Rule 4(i)(2) of the Federal Rules of Civil Procedure provides:

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Rule 4(i)(1) provides that to serve the United States a party must deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought, and also send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. Furthermore, Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without

prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Department is a United States agency. Thus, because Simmons had failed to deliver a copy of her summons and complaint to the United States Attorney for the Eastern District of Arkansas and to mail a copy of each to the Attorney General within 120 days of filing her complaint, the Court ordered her to show good cause within thirty days for her failure to serve the United States pursuant to Rule 4(I). Document #5. The Court warned that if Simmons failed to do so, the action would be dismissed without prejudice. *Id.* Simmons did not file a response, but did serve her complaint and summons upon the United States Attorney for the Eastern District of Arkansas. Document #6. Simmons still has not sent a copy of her complaint and summons to the Attorney General of the United States at Washington, D.C.

Subsequently, the Department filed a motion for summary judgment, and in the alternative, motion to dismiss. Document #7. The Department contends that Simmons' complaint is barred for failing to file her complaint within 90 days of receiving notice of the final decision on her administrative complaint, *see* 42 U.S.C. § 2000e-16(c), that her failure-to-promote claims fail on the merits, that her disability discrimination and hostile work environment claims are procedurally barred because she failed to exhaust her administrative remedies, and that the Court lacks personal jurisdiction because service of process was insufficient.

If, however, the Court lacks personal jurisdiction over the Department, the Court may not rule on the merits of Simmons' claims. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31, 127 S. Ct. 1184, 1191, 167 L. Ed. 2d 15 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the cause

(subject-matter jurisdiction) and the parties (personal jurisdiction)." (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-102, 118 S. Ct. 1003, 1012-16, 140 L. Ed. 2d 210 (1998))). Because Simmons has not sent copies of her summons and complaint to the United States Attorney General, she has failed to perfect service on the Department in accordance with Rule 4(i). Consequently, the Court lacks personal jurisdiction over the Department. Even so, Simmons' failure to comply with Rule 4(i) does not necessarily require dismissal of her action on jurisdictional grounds. *See C & L Farms, Inc. v. Fed. Crop Ins. Corp.*, 771 F.2d 407, 409 (8th Cir. 1985) (per curiam) ("[W]hile a district court may, and indeed should at times, dismiss a cause for want of jurisdiction ascribed to defective service on the United States, or its agency, the district court is not without rather broad discretion in determining the propriety of dismissal[.]").

Nevertheless, Simmons has not only failed to comply with Rule 4(i), but also to complete service on the Department within 120 days of filing her complaint as required by Rule 4(m).[1] Rule 4(m), as recited above, does provide that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *See also Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (citing *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)). Simmons has failed to show good cause for her failure to serve the Department. As noted, she never responded to the Court's order to show good cause, and the only reference to service in her brief is the following conclusory assertion: "Plaintiff did secure proper service over the parties within the 120-day time period or the period set by the court."

---

[1] In *C & L Farms, Inc.*, unlike the instant case, Rule 4(m) was not implicated because the district court had dismissed the complaint for improper service before the 120-day period had expired. 771 F.2d at 407-08.

3

Where the plaintiff fails to offer good cause, Rule 4(m) provides that the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See also Kurka*, 628 F.3d at 957 ("If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." (quoting *Adams*, 74 F.3d at 887)). However, "[t]o warrant a discretionary extension, the plaintiff must establish excusable neglect." *Kurka*, 628 F.3d at 957 (citing *Colasante v. Wells Fargo Corp.*, 81 Fed. App'x 611, 613 (8th Cir. 2003) (per curiam)). As explained, Simmons has not offered any explanation for failing to serve the Department properly. Consequently, the Court "must dismiss the action without prejudice against" the Department. Fed. R. Civ. P. 4(m).

For the foregoing reasons, the Department of Veterans Affairs' alternative motion to dismiss is GRANTED. The Department's motion for summary judgment is DENIED AS MOOT. Document #7. Cathie Simmons' complaint is dismissed without prejudice.

IT IS SO ORDERED this 16th day of July, 2012.

_J. Leon Holmes_
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE